Rossy García, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
El recurso instado en el caso de epígrafe interesa la revocación de una orden emitida por el tribunal de instancia, mediante la cual denegó una solicitud del aquí peticionario interesando la consignación en la Secretaría del Tribunal de determinadas páginas por él identificadas del informe pericial preparado por el Dr. Rafael Jiménez Pérez. Resolvemos que al así dictaminar, sin haber adjudicado previamente los méritos y procedencia de la moción que en solicitud de orden protectora presentó la parte recurrida, incidió.
I
Del recurso instado se desprende que mediante Orden de 8 de diciembre de 1995 y a solicitud del aquí peticionario, el tribunal de instancia (Hon. José E. Broco Oliveras) declaró con lugar una moción presentada por dicha parte en solicitud de producción de documentos. Ordenó así la producción del estudio estructural preparado por el Dr. Rafael Jiménez Pérez para que el mismo fuese inspeccionado o copiado, o ambos, por el aquí peticionario. Dicho estudio trata sobre la condición estructural del Condominio Segovia. Notificada como fue dicha Orden compareció la parte demandada mediante moción en solicitud de orden protectora fechada 20 de diciembre de 1994. En la misma expresa en lo pertinente que "no se opone a entregar [el documento interesado]., siempre y cuando se mantengan confidenciales y solamente sean usados con permiso del Tribunal bajo las condiciones que éste estime conveniente, según dispuesto por la Regla 23.2(h)." 
Con este trasfondo y luego de otros incidentes procesales que resulta innecesario reseñar, la recurrida puso el informe antes indicado a disposición del peticionario para ser examinado por éste y su representación legal, examen que se practicó durante los días 30 y 31 de mayo de 1995. Posteriormente el peticionario solicitó, mediante carta fechada 2 de junio de 1995, que procediera la aquí recurrida a presentar en la Secretaría del Tribunal copia de determinadas páginas del informe por él interesadas. A ello se negó la recurrida, quien sometió entonces una moción de carácter informativo poniendo al tribunal en conocimiento de la inspección de 30 y 31 de mayo, así como su negativa a poner a disposición del peticionario las páginas solicitadas. En particular, indicó que ”[n]o obstante, dejamos a discreción del Tribunal si desea que se le sometan los documentos en la forma aquí mencionada [en sobre sellado] ". Tal negativa de los aquí recurridos dio base a que el peticionario presentara nueva moción, la que dio base al dictamen ahora recurrido, en la que solicita se ordene la consignación de las copias por el interesadas.
Observamos así que ninguna controversia existe en cuanto al derecho de la parte demandante a conocer y tener acceso al contenido del Informe, lo que fue reconocido por el tribunal de instancia al autorizar su examen y ordenar su entrega, y por la parte recurrida al ponerlo a disposición del peticionario para ser inspeccionado, como de hecho se inspeccionó. Implícito también está el reconocimiento del correlativo derecho del peticionario a recibir copia de dicho informe previo el pago del costo de reproducción. No obstante, el tribunal recurrido, mediante Orden emitida por el Hon. Salim Chaar Padín, declaró "No Ha Lugar" la moción presentada por el peticionario, expresando que el examen del Informe alcanzaba al cumplimiento con lo ordenado con respecto a dicho descubrimiento. Dejó así de considerar y resolver los méritos y procedencia de la moción en solicitud de orden protectora que presentó la recurrida, cuya adjudicación le corresponde en primera instancia a dicho foro.
A la luz de lo antes expuesto, resulta evidente que en ausencia de controversia en cuanto al *885 derecho del peticionario a recibir copia del Informe, venía obligado el tribunal de instancia a adjudicar los méritos de la solicitud de orden protectora, presentada por la recurrida, lo que no está este foro apelativo en condición de hacer, para luego poder determinar, en etapa de revisión, si abusó de su discreción el tribunal de instancia al denegar la solicitud del peticionario. En consecuencia resolvemos que resulta procedente expedir el auto solicitado para dejar sin efecto la orden recurrida, con instrucción al tribunal de instancia para que proceda sin dilación a adjudicar la procedencia y méritos de la moción solicitando orden protectora. En el proceso y de determinar que es meritoria la solicitud de la parte recurrida, podrá armonizar los intereses en conflicto, establecer aquellas medidas cautelares apropiadas e imponer las condiciones y limitaciones que estime necesarias en cuanto a la divulgación del contenido del informe cuya reproducción parcial interesa el peticionario.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIOS 95 DTA 222
1. Expone la recurrida en su moción que han transcurrido siete años desde que se confeccionó el informe sobre vicios de construcción solicitado por el demandante-peticionario y que su divulgación, sin ninguna restricción, puede afectar el valor de las propiedades que conforman el Condominio Segovia. Véase Alegación 12 de la moción, Apéndice de la Petición de Certiorari, pág. 5.
2. Véase Apéndice de la Petición de Certiorari, pág. 5.
3. Véase Moción Informativa de 15 de junio de 1995, Apéndice de la Petición de Certiorari, págs. 10 a 12.
4. Véase Orden de 11 de junio de 1995, Apéndice de la Petición de Certiorari, pág. 16.